**Katherine R. Heekin**, OSB No. 944802
Katherine@heekinlawoffice.com
The Heekin Law Firm
7327 S.W. Barnes Rd., #824
Portland, OR 97225
Telephone: (503) 222-5578
Facsimile: (503) 200-5135

IN THE UNITED STATES DISTRICT COURT

FOR THE STATE OF OREGON

PORTLAND DIVISION

MIKE AND JD ALLEY FARMS, LLC, an Oregon limited liability company,
Plaintiff,

v.

PURINA ANIMAL NUTRITION, LLC, a Delaware limited liability company,

Defendant.

Case No.

**COMPLAINT**

(Breach of Warranty; Negligence; Products Liability)

JURY TRIAL DEMANDED

Plaintiff Mike & JD Alley Farms, LLC dba Bar CK Cattle Company ("Plaintiff") alleges:

**PARTIES**

1.

At all times material herein, Plaintiff Mike & JD Alley Farms, LLC ("Alley Farms") was doing business under the assumed business name of Bar CK Cattle Company, registered to do business for agricultural, farming and ranching operations ("business operations") in Oregon. Plaintiff's business operations are located in Jefferson County, Oregon.

///

2.

At all times material, Defendant Purina Animal Nutrition, LLC ("Purina") was a limited liability company organized in Delaware, with its principal place of business in Minnesota, doing business in Oregon.

**JURISDICTION AND VENUE**

3.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 considering the parties are citizens of different states, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and complete diversity exists.  Michael Dean Alley is the manager and a member of Plaintiff Alley Farms; he resides in Culver, Oregon.  Jack David Alley is the only other member of Plaintiff Alley Farms; he resides in Culver, Oregon.  Land O'Lakes, Inc. and LOL Holdings II, Inc. are Defendant Purina's only members.  Land O'Lakes, Inc. is a Minnesota corporation with its principal place of business in Arden Hills, Minnesota.  LOL Holdings II, Inc. is a Delaware corporation with its principal place of business in Arden Hills, Minnesota.

4.

Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because Defendant at all times material was doing business in this district and a substantial part of the events or omissions giving rise to the action occurred in this district.

**ALLEGATIONS**

5.

At all times material, the plaintiff has owned and raised cows and bulls as part of its

business operations for the last 30 years.

6.

Defendants Purina agreed to be fully, solely, and completely responsible for the liability (if any) in the Action that is or would be attributable by the ultimate factfinder to Nestle Purina Claims Processing, Inc., Nestle Purina Petcare Company, Ralston Purina Company, Purina Mills, Inc., Purina Mills, LLC, Land O'Lakes, Inc., and Land O'Lakes Purina Feed, LLC.

7.

At all times material herein, defendant Greg Roush resided in Deschutes County, was Purina's employee, and was at all material times acting within the course and scope of his employment with Purina. Roush was assigned by Purina as plaintiff's local agent, and acted as Purina's representative and agent for the sale, delivery, and resupply of Purina's products for plaintiff's business operations.

8.

Purina paid for plaintiff's representatives to travel to Purina's headquarters in St. Louis, Missouri for the purpose of learning about Accuration® feed and Purina's automatic feed delivery system (together "Accuration® feed system") and "Purina® Wind & Rain® All Season 4 Availa 4 Mineral Tubs" ("Lick Tubs"). In St. Louis, Purina undertook to instruct and train plaintiff's representatives in the proper use of the Accuration® feed system and Lick Tubs.

9.

In St. Louis, Purina and Roush represented to plaintiff that Purina's feed was "second to none," and that its feed system had been designed, engineered, and manufactured using proprietary ingredients to allow cows and bulls to feed from automatic feeders without the risk of

over eating. Specifically, defendants represented to plaintiff that Purina's "Accuration®" feed system would allow plaintiff's cows and bulls to feed free choice because it had been formulated to limit consumption so that cattle would not overeat. Purina further represented to plaintiff that it had "the expertise and programs" to make sure that plaintiff's cattle received free choice feed that would help plaintiff "get the most out of their animals at an economical cost." Purina and Roush also represented to plaintiff that Purina's Lick Tubs were part of the Purina's feed system, providing minerals to plaintiff's cattle.

10.

Purina designated its employee Roush as the person to help and further instruct plaintiff in the proper use of Purina's Accuration® feed system and Lick Tubs in Deschutes County, Oregon. Roush inspected plaintiff's ranching operations at least several times during each year that plaintiff used Purina's Accuration® feed system and Lick Tubs.

11.

Plaintiff relied on Purina's and Roush's expertise, knowledge, and experience in the design, setting up, sale, distribution, and monitoring of the Accuration® feed system and Lick Tubs, including the choice of feed.

12.

Plaintiff first noticed hoof ailments with its bulls in November, 2015, and on several occasions, requested Purina's assistance in determining the cause of the hoof problem and in resolving it, notifying Roush, Purina's local staff, and Purina's nutritionist. Purina (a) failed to recognize and/or (b) never informed plaintiff that the hoof ailment could be founder caused by defects in Purina's Accuration® feed system or Lick Tubs. Neither Purina's local staff nor its

nutritionist properly diagnosed the nature of the cattle's hoof problem or provided a solution before plaintiff's bull auction on February 13, 2016.

13.

Other than using the Accuration® feed system and Lick Tubs, plaintiff made no other changes to its ranching and cattle operation during the time period between when plaintiff first started taking delivery of the Accuration® feed system and Lick Tubs and the onset of symptoms in plaintiff's cattle.

14.

Fewer cattle than plaintiff expected were able to be auctioned in February 2016 due to the cattle's hoof problems of unknown etiology. After the February 2016 auction, some of the cattle sold by plaintiff began developing hoof ailments as well.

## FIRST CLAIM FOR RELIEF

### (Breach of Warranties: Express and Implied)

15.

Plaintiff realleges the allegations in paragraphs 1-14 above as though fully set forth below.

16.

Purina is a manufacturer and merchant dealing in cattle feed design, production, sales, distribution, and delivery of cattle feed, feed systems, and Lick Tubs for the appropriate and nutritious feeding of cattle in ranching operations. Purina had reason to know that plaintiff was relying on Purina's skill and judgment to furnish suitable feed, a suitable feed delivery system, and suitable Lick Tubs to plaintiff's cattle.

17.

Purina breached is warranties of providing suitable feed, a suitable feed delivery system, and suitable Lick Tubs that would be safe and beneficial to cattle. Purina's failures include:

a. Failure to provide a suitable feed delivery system that would not allow cattle to overeat the feed; and

b. Providing Lick Tubs containing primarily cane molasses which foreseeably would melt in summer temperatures at plaintiff's ranch, causing plaintiff's cattle to overeat the Lick Tub contents and the feed.

18.

As a direct consequence of Purina's breach of warranties, plaintiff was damaged in the difference between the value of Purina's feed, feed system, and Lick Tubs as delivered, and the value those would have had if they had been as warranted in an estimated amount of up to $200,000, the exact amount to be proven at trial.  In addition, plaintiff sustained incidental and consequential damages in an estimated amount of $550,000, the exact to be proven at trial.

**SECOND CLAIM FOR RELIEF**

**(Negligence)**

19.

Plaintiff realleges the allegations in paragraphs 1-14 above as though fully set forth below.

20.

Purina had a duty of ordinary care for the production, sales, distribution, delivery, and monitoring of an Accuration® feed system and Lick Tubs that were safe and beneficial to

plaintiff's cattle and to plaintiff's business operations.

21.

Purina represented to plaintiff in St. Louis as alleged in paragraphs 8 and 9, above, that it would train and assist plaintiff in the proper use of Purina's Accuration® feed system and Lick Tubs. Purina undertook that training. Purina represented to plaintiff that Purina would assign to plaintiff a representative who was knowledgeable about the Accuration® feed system and Lick Tubs, who would monitor plaintiff's cattle and determine which Accuration® feed to use. Purina assigned its employee Roush as that representative. Through their representations and actions Purina created a special duty to plaintiff.

22.

Purina failed to properly train Roush in the correct use of Purina's Accuration® feed system and Lick Tubs and in the monitoring of cattle for feed-related health problems.

31.

Purina knew, or in the exercise of reasonable care should have known, that the Accuration® feed system was defective or was not self-limiting, and had or would cause serious health problems to plaintiff's cattle resulting in damages to plaintiff.

24.

Purina knew, or in the exercise of reasonable care should have known, that the Lick Tubs were subject to melting at normal summer temperatures on plaintiff's ranch and that cattle will over-eat the melted contents of Lick Tubs causing serious health problems.

25.

Purina was negligent in one or more of the following ways that caused foreseeable harm to plaintiff's business operations:

a. failure to assign to plaintiff a field representative with sufficient work experience, education, training, or knowledge of the Accuration® feed systems, Lick Tubs, cattle operations, and cattle health

b. failure to train plaintiff in the proper use of Purina's Accuration® feed system and Lick Tubs;

c. failure to train Greg Roush to be able to provide accurate and timely information to plaintiff about the proper use of Purina's Accuration® feed system and Lick Tubs;

d. failure to train Greg Roush to identify the possible causes of damage to plaintiff's cattle and the methods and means of avoiding, curtailing, and eliminating such causes while using Purina's Accuration® feed system and Lick Tubs.

26.

Roush, as an employee of Purina, was negligent in one or more of the following ways that caused foreseeable harm to plaintiff's cattle and auction business:

a. failure to provide proper, timely, an accurate advice about the proper use of Purina's feed system and Lick Tubs; and

b. failure to monitor plaintiff's cattle properly so as to avoid, curtail, and eliminate the hoof problems in plaintiff's cattle caused by overeating.

27.

Defendant's negligence was a substantial factor in causing damages to plaintiff's business in an estimated amount up to $750,000, exact amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

**(Products Liability Under ORS 30.910)**

28.

Plaintiff realleges the allegations in paragraphs 1-14 above as though fully set forth below.

29.

Purina is in the business of designing, manufacturing, selling, distributing, and monitoring the Accuration® feed system and Lick Tubs to ranchers. Purina manufactured, sold, distributed, delivered the Accuration® feed system and Lick Tubs to plaintiff and monitored its use in plaintiff's business operations.

30.

Purina's Accuration® feed system and Lick Tubs were defective in design in one or more of the following particulars:

a. the Lick Tubs melted in foreseeable summer temperatures, leading to over-consumption of their contents; and

b. the feed system was not self-limiting and allowed over-consumption of feed by plaintiff's cattle.

31.

Purina failed to warn plaintiff about the dangers of its Accuration® feed system and Lick Tubs in one or more of the following particulars:

a. the Lick Tub label does not warn against over-ingestion if its contents melt;

b. the Lick Tub label does not warn users that over-consumption by cattle of the Lick Tubs' content can cause cattle to over-eat their feed; and

c. the Accuration® feed labels and other product descriptions do not warn users that the feed can be over-consumed by cattle.

32.

Purina failed to inform or instruct plaintiff about the dangers of its Lick Tubs and Accuration® feed system in one or more of the following particulars:

a. the Lick Tub label does not inform users that its contents can be over-ingested if the contents melt;

b. the Lick Tub label does not instruct users to remove the Lick Tubs from use if the contents melt;

c. the Lick Tub label does not provide sufficient instruction on the amount of salt to use, the location of that salt in relation to the Lick Tubs, or the length of time the salt should be present;

d. the Lick Tub label does not warn users that over-consumption by cattle of the Lick Tubs' content will cause cattle to over-eat their feed; and

e. the Accuration® feed labels and other product descriptions do not inform users that it can be over-consumed by cattle.

33.

The defective Accuration® feed system and Lick Tubs were a substantial factor in causing damage to plaintiff's ranching business in an estimated amount of $750,000 which continues to accrue, an exact amount to be determined at trial.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. As to the first claim for relief, damages in the estimated amount of $750,000 or as determined at trial, with prejudgment and post judgment interest at the statutory rate;

2. As to the second claim for relief, damages in the estimated amount of $750,000 or as determined at trial, with prejudgment and post judgment interest at the statutory rate;

3. As to the third claim, for relief damages in the estimated amount of $750,000 or as determined at trial, with prejudgment and post judgment interest at the statutory rate;

4. For costs, disbursements, and prevailing party fees;

5. For such other and further relief as this Court deems either just, or equitable, or both.

**JURY DEMAND**

Plaintiff demands a jury trial of all issues so triable.

Dated: April 23, 2021

THE HEEKIN LAW FIRM

By: s/Katherine R. Heekin
Katherine R. Heekin, OSB No. 944802
Attorney for Plaintiff